UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| KATINA R. PARKER, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ]   3:10-cv-1406-LSC |
| | ] |
| MICHAEL ASTRUE, | ] |
| Commissioner of the | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

The claimant, Katina Renae Parker ("Parker"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Parker timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Parker was thirty-six years old at the time of the Administrative Law Judge's ("ALJ") decision. Her educational background includes completing high school and, after the closing of a factory where she worked, a year of college in an LPN training program. (Tr. at 135.) She graduated from the program, although she was ultimately unsuccessful in passing the exams necessary to be licensed as an LPN (*Id.* at 27.)  Her past work experience include employment as a cashier, production worker, sewing machine operator, and caregiver.  (*Id.* at 115.)  Parker claims that she became disabled on February 10, 2007,[1] due to heart problems, diabetes, hypertension, obesity, fatigue, stomach problems, and headaches. (*Id.* at 10, 154.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§

---

[1]In her original applications, Parker alleged a disability onset date of July 20, 2006. On August 19, 2008, she submitted a request to amend her onset date to February 10, 2007. (Tr. at 106.)

404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id*. If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id*. Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id*.

Applying the sequential evaluation process, the ALJ found that Parker meets the nondisability requirements for a period of disability and DIB and was insured through September 29, 2008. (Tr. at 8, 10.) He further determined that Parker has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id*. at 10.) According to the ALJ, Plaintiff's "diabetes, [] history of a non-Q myocardial infarction with stent placements, hypertension, and obesity" are considered "severe" based on the requirements set forth in the regulations. (*Id*.) However, he found that

these impairments neither meet nor medically equal any of the listed impairments listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. (*Id.*) The ALJ determined that Parker has the residual functional capacity to perform medium work, although she "should avoid climbing of ladders, ropes, or scaffolding, should avoid concentrated exposure to extreme cold and heat, and should avoid work around dangerous moving machinery." (*Id.* at 11.) The ALJ found, however, that she is capable of "occasional lifting and carrying up to 25 pounds." (*Id.*)

Using the testimony of a vocational expert, the ALJ determined that Parker would be able to perform some of her past relevant work. (*Id.* at 14.) When the ALJ considered the vocational expert's testimony together with Parker's age, education, work experience, and FRC, he found that she could perform her previous work as it is "actually and [] generally performed." (*Id.*) Even if additionally limited to light or sedentary work activity, the ALJ determined that she would be able to resume production assembly work, including work as "a final assembler . . . a rotor assembler . . . and a finisher," jobs which "exist in numbers of more than 750 regionally and more than 80,000 nationally." (*Id.*) The ALJ concluded his findings by stating

that Parker "has not been under a disability, as defined in the Social Security Act, from February 10, 2007 through the date of this decision." (*Id.*)

II.  Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting

*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "[d]espite this deferential standard it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Parker filed the instant action on June 4, 2010, asking for judicial review of the ALJ's decision.  (Doc. 1.)  However, Parker failed to submit any brief, argument, list of authorities, or statement in support of her appeal. The complaint itself does not even point to any alleged errors. (*Id.*) Deadlines for submissions have now passed, and the issues in this case are ripe for decision.  Parker has still not presented to this Court any alleged errors in the ALJ's opinion, either by amending her complaint or submitting a brief in support of it.

This Court, however, has discovered arguments which were made by Parker's attorney in a letter attached to Parker's request for review of the ALJ's decision. (Tr. at 74, 76.) The Appeals Council considered this letter, and "found that [it] does not provide a basis for changing the Administrative Law Judge's decision." (*Id.* at 2-3.) The Court has independently reviewed these arguments, despite Parker's failure to properly present them.

Parker first claims that "[w]hile the ALJ cited SSR 96-7p, he never explained how the standard was applied to the facts and circumstances in this case." (*Id.* at 76.) On the contrary, however, the ALJ's citation to SSR 96-7p is followed by a lengthy discussion of the standard and its application to the facts and circumstances of this case. (*Id.* at 11-13.) Parker's second argument is that "the ALJ's RFC assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence, as required by SSR 96-8p." (*Id.* at 77.) This argument is equally meritless. In support of his RFC assessment, the ALJ provided the "narrative discussion describing how the evidence supports each conclusion" as required by SSR 96-8p, and cited both "specific medical facts . . . and nonmedical evidence" supporting that conclusion. SSR 96-8p at 7. (Tr. at 11-13.) Third and finally,

Parker argues that "[t]he ALJ violated SSR 96-7p in failing to provide any reasons that are supported by the case record for finding the testimony of the claimant was 'not fully credible.'" (*Id.* at 78.) But the ALJ provided several reasons for his findings regarding credibility, including the fact that the answers Parker provided in the Physical Activities Questionnaire (*Id.* at 123-128) were inconsistent with both subsequent medical examinations and Parker's own testimony at the hearing. (*Id.* at 12-13.) The Social Security Ruling that Parker cites specifically provides that "[o]ne strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record." SSR 96-7p at 5. There was ample support for the ALJ's findings regarding credibility.

In addition to considering these arguments, the Court has conducted a searching review of both the ALJ's opinion and the entire evidentiary record. Based upon that evaluation, this Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence. The ALJ did not err when he concluded that Parker is not disabled.

IV.   Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done this 7th day of September 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167037